IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10017
Summary Calendar
_____

JO ANNE CARTER,

                                        Plaintiff-Appellant,

versus

FMC CARSWELL MEDICAL REVIEW BOARD;
F. ARIOLLA, Dr., Physician at Carswell,
FMC; J. B. BOGAN, Warden, FMC Carswell;
BOATNER, Dr., Dentist; T. MUMMERT, Food
Administrator; V. ROSILEX, Assistant
Food Administrator; DEB CARROLL, Nurse
Manager,

                                        Defendants-Appellees.
_____

Appeal from the United States District Court for the
Northern District of Texas
_____

June 12, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Proceeding pro se, Jo Anne Carter, a federal prisoner housed

at the Federal Medical Center-Carswell (FMC-Carswell) in Fort

Worth, Texas, filed the instant civil rights complaint under 42

U.S.C. § 1983 against various officials and medical providers at

FMC-Carswell and a first amended complaint, alleging that the

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

conditions of her confinement violated her constitutional rights and seeking three million dollars in damages. The district court ordered that Carter pay a partial filing fee of $15. By order entered October 30, 1995, the court dismissed Carter's action as frivolous pursuant to 28 U.S.C. § 1915(d) "except insofar as it relat[ed] to her complaints about inadequate medical or other care for her gums and claustrophobia." The court ordered Carter to file an amended complaint elaborating on her claims of inadequate medical care if she intended to proceed with the action.

Carter filed a second amended complaint in response to the district court's order naming as defendants only the FMC-Carswell Medical Review Board; Dr. C. Boatner, dentist; and Dr. Batchelder, psychologist. Carter alleged that the defendants were negligent in attending to her dental needs and to her claustrophobia.

By order and judgment entered November 15, 1995, the district court dismissed Carter's complaint without prejudice as frivolous, reasoning that the complaint alleged a violation of the Federal Tort Claims Act (FTCA) and Carter failed to exhaust her administrative remedies. Carter filed a timely notice of appeal from that judgment. The district court ordered that Carter proceed IFP on appeal upon payment of a partial filing fee.

Carter argues that the district court abused its discretion in dismissing some of the claims she alleged in her original complaint as frivolous, particularly since the court charged her a filing

fee.[1]  A district court may not dismiss a plaintiff's complaint as frivolous after requiring the plaintiff to pay a partial filing fee.  Grissom v. Scott, 934 F.2d 656, 657 (5th Cir. 1991).  The district court's dismissal of Carter's claims, as frivolous, after the court required her to pay a $15 filing fee was therefore erroneous.  We thus VACATE the district court's dismissal and REMAND the case to the district court for further proceedings.

VACATED and REMANDED.[2]

---

[1]Carter's "Motion to Appeal" indicates her intent to appeal both the October 30, 1995 order and the court's order and judgment of November 15, 1995.  See R. 216-21.  Therefore, Carter's notice of appeal should be construed as placing before the court each of the district court's adverse rulings, including its October 30, 1995 order dismissing portions of Carter's complaint.  See Satcher v. Honda Motor Co., Ltd., 984 F.2d 135, 137 (5th Cir.) (citing Moore's Federal Practice § 203.17[2]; appeal from final judgment draws into question and allows attack on all prior non-final orders and all rulings that produced judgment), vacated on other grounds, 993 F.2d 56 (5th Cir. 1993).

[2]Carter has filed with this court a "Motion for Relief" and a "Motion to speak to the court/ Motion to clarify relief sought." These motions are denied.